# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO.: 1:09-CV-00081-TBR

**JOHN RANDALL ROLL**                                                 **PLAINTIFF**

v.

**BOWLING GREEN METALFORMING, LLC**                  **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court upon Defendant, Bowling Green Metalforming, LLC's, Motion for Summary Judgment (DN 20). Plaintiff, John Randall Roll, has filed a response (DN 22). Defendant has filed a reply (DN. 23). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is GRANTED.

Also before the Court is Plaintiff's Motion for Extension of Time to File Response (DN 21). This matter is now ripe for adjudication. Plaintiff's motion is GRANTED.

## BACKGROUND

Defendant is a tier-one automotive supplier that opened a manufacturing plant in Bowling Green, Kentucky, in 2004 which manufactures frames for cars and trucks. Plaintiff was hired by Defendant to work in the Maintenance Department of the Bowling Green facility prior to its opening. Plaintiff was hired as a Maintenance Technician who generally performs preventative maintenance tasks and repairs machines when they break down.

Plaintiff was promoted to a Maintenance Team Leader position in 2005, where he supervised between eight and sixteen Maintenance Technicians. In 2007, Plaintiff received counseling for performance issues. For example, on April 23, 2007, and May 21, 2007, Plaintiff received written counseling for attendance issues. On July 23, 2007, Plaintiff received a written performance review wherein he was rated in ten categories. He was given a rating between one and five in each category

with one being the worst and five being the best. Plaintiff received six "2's" and four "3's". On September 19, 2007, Plaintiff was placed on a Performance Improvement Plan which he disagreed with and refused to sign. Plaintiff was further disciplined on November 5, 2007, when he was suspended for two days for operating a maintenance cart in a reckless manner. After his suspension, Plaintiff voluntarily moved from the Maintenance Team Leader position back to the Maintenance Technician position.

On September 2, 2008, Plaintiff commenced a period of leave under the Family Medical Leave Act ("FMLA") after injuring his hand and having surgery to repair the injury. Plaintiff's FMLA certification form, completed by Plaintiff's doctor, stated that the necessary period of leave was undetermined. Plaintiff initially hoped he would only be away from work one week; however, his leave continued until February 2, 2009. Plaintiff remained in periodic contact with Defendant during the course of his leave and was informed on November 24, 2008, that he had exhausted all of his available FMLA leave. Since he has still not fully recovered, Defendant allowed Plaintiff to remain on leave until January 1, 2009, when he was again eligible for twelve weeks of FMLA leave. Plaintiff remained on FLMA leave until February 2, 2009.

On January 27, 2009, Plaintiff's healthcare provider informed him he could return to work as of February 2, 2009 with no restrictions. Plaintiff told the nurse at the Bowling Green facility that he had been cleared to return to work and he in fact returned to work on February 2, 2009.

While Plaintiff was on leave, Defendant began to suffer economically as a result of the financial crisis. On November 28, 2008, Defendant's parent corporation sent a letter announcing a number of layoffs in divisions in both the United States and Canada. Plaintiff received this letter while on leave. In January 2009, Defendant instituted a significant reduction in force laying off 400

individuals. In Plaintiff's department, 77 of approximately 132 employees were laid off. Plaintiff was one of the employees selected to be laid off. Human Resource employee Charman Meador states that Plaintiff was selected based on objective criteria such as skills, performance, work history, and overall abilities. Of the 65 employees in Plaintiff's department who remained employed after the reduction in force, 20 had taken FMLA previously. Of the 77 employees, including plaintiff, who were laid off, 62 had never taken FMLA leave before, or, stated differently, 15 employees who were laid off had taken FMLA leave.

Defendant allowed Plaintiff to remain on leave until February 2, 2009, rather than terminating him with the rest of the reduction in force in January 2009. Human Resource manager Meador states that this was so Plaintiff would get the full benefit of his leave. Plaintiff testified that while on leave he received 60% of his base salary as well as health insurance benefits. Plaintiff has further acknowledged that he received all the leave to which he was entitled.

Plaintiff filed this suit alleging violation of the FMLA stating Defendant terminated him in retaliation for his taking FMLA leave. Plaintiff has also argued he was entitled to a job upon return from FMLA leave. Defendant now moves for summary judgment.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Plaintiff asserts he was terminated because he took FMLA. If there is no direct evidence of retaliation for asserting FMLA rights, the *McDonnell Douglas* burden shifting analysis applies. *Nawrocki v. United Methodist Retirement Communities, Inc.*, 174 Fed.Appx. 334, 339 (6th Cir. 2006). As there is no direct evidence of retaliation in this case, the Court will apply the burden shifting analysis. First, Plaintiff must show the following in order to establish a prima facie case of retaliation:

> 1) he availed himself of a protected right under the FMLA, 2) he was adversely affected by an employment decision, and 3) there is a causal connection between the employee's protected activity and the employer's adverse employment action.

*Id.* (citing *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 161 (1st Cir.1998)). The burden then shifts to the defendant to "articulate a legitimate, non-discriminatory reason for the adverse

4

employment action." *Id.* (citation omitted). Finally, the burden shifts back to the plaintiff to show that the articulated reason is a pretext. *Id.*

Case law makes clear that an employee may be lawfully terminated, thereby "preventing him from exercising his statutory rights to FLMA leave or reinstatement, but only if the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave." *Arban v. West Pub. Corp.*, 345 F.3d 390, 401 (6th 2003). In other words, "an employer need not restore an employee who would have lost his job or been laid off even if he had not taken FMLA leave." *Hoge v. Honda of America Mfg., Inc.*, 384 F.3d 238, 245 (6 Cir. 2004). The Department of Labor's regulations concerning FMLA further support his position stating

> An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period. An employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment.

29 C.F.R. § 825.216 (a).

In this case, Plaintiff has set out his prima facie case and Defendant has provided a non-discriminatory reason for Plaintiff's termination. Defendant has presented evidence that Plaintiff was terminated due to a reduction in force. Defendant has provided a letter from Frank Stronach, Chairman of the Board of Magna International, Inc., outlining the difficulties the company was facing and announcing lay offs. Defendant has also provided the Declaration of Charman Meador testifying that a reduction of force took place in January of 2009 and that Plaintiff Roll was selected for the reduction in force. She states Plaintiff was selected based on objective criteria such as skills, performance, work history, and overall abilities. Meador goes on to explain that the reduction in force took place while Plaintiff was on leave and that Plaintiff was not informed of the reduction in

force but allowed to remain on leave for as much time as needed.

Plaintiff argues that he has presented sufficient evidence that Defendant's stated reason for termination, reduction in force, was merely pretext. Plaintiff argues repeatedly that this reason is pretext because there was no benefit to Plaintiff to remain on leave after he had been selected for reduction in force lay offs. Plaintiff goes on to state that Plaintiff's termination on the day he returned from FMLA leave was further evidence the stated reason was merely pretext.

Defendant has presented to the Court Plaintiff's testimony that while on FMLA leave he was paid 60% of his base salary and provided health insurance. This evidence reflects that it was beneficial for Plaintiff to remain on leave even after Defendant had selected him for reduction in force lay offs. The only remaining evidence of pretext is the timing of Plaintiff's termination, which alone is insufficient to establish a stated reason is pretextual. *Ford v. General Motors Corp.*, 305 F.3d 545, 554-55 (6th Cir. 2002)("[T]emporal proximity alone will not support an inference [of causal connection] in the face of compelling evidence to the contrary." (internal quotation marks and citation omitted)). Defendant is entitled to summary judgment as to Plaintiff's claim for retaliation in violation of the FMLA.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED. All claims against Defendant are dismissed.[1] An appropriate order shall issue.

---

[1] The Court notes that Defendant argues Plaintiff's claim for entitlement pursuant to FMLA should be dismissed. The Court does not believe this claim was plead in the Complaint. Furthermore, this issue was not addressed by Plaintiff in his response and is therefore conceded if it was in fact plead.