# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO.: 1:09-CV-00081-TBR

**JOHN RANDALL ROLL**  PLAINTIFF

**v.**

**BOWLING GREEN METAL FORMING, LLC**  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Bill of Costs (DN 33). Plaintiff has objected (DN 34) and Defendant has responded (DN 35). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Bill of Costs is **GRANTED**.

## BACKGROUND

On July 1, 2010, this Court granted Defendant's Motion for Summary Judgment, dismissing Plaintiff John Randall Roll's Complaint. Defendant timely submitted its Bill of Costs, claiming expenses totaling $1,609.20. Plaintiff objects to four categories of costs claimed by Defendant.

## STANDARD

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is generally allowed to recover its costs, other than attorney's fees. 28 U.S.C. § 1920 specifies what costs may be taxed. Any costs taxed by the Court must be allowed under § 1920, and must be reasonable and necessary in amount. *See BDT Prods, Inc. v. Lenmark Intern., Inc.*, 405 F.3d 415, 417 (6th Cir. 2005). There is "a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d)." *Ford v. FedEx Supply Chain Services, Inc.*, No. 07-2721-STA, 2009 WL 1585849, *1 (W.D. Tenn. June 3, 2009). The party objecting to the taxation bears the burden of persuading the Court that taxation is improper. *BDT Prods, Inc.,* 405 F.3d at 420.

## DISCUSSION

**I. Medical Records**

Defendant's requested for $173.85 for "exemplification and copies of papers necessarily obtained." Defendant's itemization indicates that this fee was the result of obtaining Plaintiff's medical records. Plaintiff objects stating that the case was an employment law case, rather than a personal injury case and Plaintiff's medical condition was not at issue.

Defendant asserts it sought Plaintiff's medical records in order to determine if it had any defense to Plaintiff's Family and Medical Leave Act ("FMLA") claim. A claim for interference or retaliation under the FMLA requires that the employee establish he was entitled to leave under the FMLA. *See Branham v. Garnnett Satellite Information Network, Inc.*, No. 3:08-00700, 2009 WL 2588744, *6 (M.D. Tenn., Aug. 19, 2009); *Morris v. Family Dollar Stores of Ohio, Inc.*, 320 Fed. App'x 330, 338 (6th Cir. 2009). An employee must have a serious medical condition in order to be entitled to leave under the FMLA. *Branham,* 2009 WL 2588744, *6. Therefore, if Plaintiff did not have a serious medical condition, Defendant would have had a viable defense to both FMLA interference and retaliation claims. *See Id*. at *8.

Federal courts have allowed reimbursement of reasonable costs incurred in obtaining medical records when such records were "necessarily obtained for use in the case." For example, the Ninth Circuit in *Mitchell v. City of San Diego Police Dept.*, held that "[b]ecause [the plaintiff] put his medical condition at issue, the district court properly taxed certain costs incurred by defendants for medical records that were 'necessarily obtained for use in the case.'" No. 03-56753, 2005 WL 824014, *1 (9th Cir. April 11, 2005). Here, Plaintiff put his medical condition at issue because the cause of action was directly related to his medical leave. The medical records sought by Defendant were necessarily obtained for use in the case and such costs are properly taxed to

Plaintiff.

## II. Filing Fees

Defendant requests that the $350 filing fee it paid when it removed the case to this Court be taxed to Plaintiff. Plaintiff argues that Defendant is not entitled to compensation of the removal cost because it was Defendant's decision to have the case removed from state court. Plaintiff does not cite any law supporting his objection.

The Court finds that Plaintiff has not satisfied his burden of persuading the Court that taxation of the removal filing fee is improper. 28 U.S.C. 1920(1) allows "[f]ees of the clerk" to be taxed. The Court finds that a removal filing fee is a fee allowed under § 1920(1) and may be taxed as part of costs. *See, e.g.*, *Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989); 77 C.J.S. Removal of Cases § 200.

## III. *Pro Hac Vice* Fee

Defendant requests the $65.00 filing fee for its Motion for Pro Hac Vice be taxed to Plaintiff. Plaintiff argues Defendant is not entitled to have Plaintiff pay the expense associated with selection of counsel not licensed to practice in the Commonwealth of Kentucky, particularly when Defendant was already represented by Kentucky-licensed co-counsel. Plaintiff cites no authority for this position.

Again, the Court finds that Plaintiff has not satisfied his burden of persuading the Court that taxation of the removal filing fee is improper. 28 U.S.C. 1920(1) allows "[f]ees of the clerk" to be taxed. The Court finds that a *pro hac vice* filing fee is a fee allowed under § 1920(1) and may be taxed as part of costs. *See Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th cir. 2009) ("We agree with those courts that have concluded that *pro hac vice* fees are recoverable fees

of the clerk under § 1920.").

## IV. Photocopies

Defendant requests $36.30 in costs for copies of deposition and trial exhibits. Plaintiff objects arguing this is an item of office overhead not properly assessed to Plaintiff.

Section 1920 allows "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The Court finds that the copies were reasonably and necessarily obtained for use in the case, and not merely for the convenience of counsel. *See Cunningham v. Target Corp.*, No. 3:06-CV-160, 2010 WL 1032772, *3 (W.D.Ky. March 17, 2010). Defendant explained in its response the purpose of the copies, deposition and trial exhibits, satisfying its burden of demonstrating that the copies were reasonably necessary for use in this case. *Id.* Plaintiff has not met his burden of persuading the Court that taxation of the photocopies itemized by Defendant is improper.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Bill of Costs is **GRANTED**.