# UNITED STATES DISTRICT CORUT
## WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION
### CASE NO.: 1:09-CV-00081-TBR

**JOHN RANDALL ROLL**                                                    **PLAINTIFF**

**v.**

**BOWLING GREEN METALFORMING, LLC**                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's motion to Set Aside, Vacate, Alter, and/or Amend the Judgment Entered on July 1, 2010 (DN 36).  Defendant has filed a response (DN 39).  Plaintiff has filed a reply (DN 42).  This matter is now ripe for adjudication.  For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff brought an action for violation of the Family Medical Leave Act ("FMLA") after he was terminated by Defendant upon his return from leave.  Defendant moved for summary judgment asserting a legitimate nondiscriminatory reason for Plaintiff's termination.  Defendant stated that Plaintiff was selected for a reduction in force while he was on leave but was allowed to remain on leave, rather than being immediately terminated, so he could retain his benefits. The Court held that Plaintiff's claim failed because he was unable to establish that this stated nondiscriminatory reason was pretext.  (DN 31 at 6).

Plaintiff now moves the Court to set aside, vacate, alter, and/or amend the Order entered July 1, 2010 which granted Defendant's motion for summary judgment.

## STANDARD

A court may grant a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in

controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir.

1999) (internal citations omitted). "However, reconsideration of a judgment after its entry is an

extraordinary remedy which should be used sparingly." 11 Charles Alan Wright, Arthur R. Miller,

& Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2810.1 (2d ed. 2010). A Rule 59(e) motion

does not provide plaintiffs another opportunity to argue the merits of their case. *Sault Ste. Marie*

*Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## DISCUSSION

No newly discovered evidence or intervening change in controlling law has been asserted

by Plaintiff; therefore, it appears Plaintiff moves the Court to set aside its prior order on the basis

of a clear error of law or to prevent manifest injustice. Plaintiff argues the Court has made a clear

error of law in granting summary judgment because the proffered reason for Plaintiff's termination

was pretextual, i.e., Defendant's motive was retaliatory. The Court notes Plaintiff reargues the

merits of his case in this motion; however, the Court will still consider Plaintiff's motion.

A showing of pretext requires "the plaintiff . . . produce sufficient evidence from which the

jury may reasonably reject the employer's explanation." *Manzer v. Diamond Shamrock Chems. Co.*,

29 F.3d 1078, 1083 (6th Cir.1994) (citing *Gaworski v. ITT Commercial Finance Corp.*, 17 F.3d

1104, 1109 (8th Cir.1994)) (overruled on other grounds by *Geiger v. Tower Automotive*, 579 F.3d

614 (6th Cir. 2009). In order to establish pretext, the plaintiff must show "(1) that the proffered

reasons had no basis in fact, (2) that the proffered reasons did not actually motivate [the action], or

(3) that they were insufficient to motivate [the action]." *Id.* at 1084 (quoting *McNabola v. Chicago*

*Transit Auth.*, 10 F.3d 501, 513 (7th Cir.1993)) (emphases in original).

Here, the record reflects that the proffered reason had a basis in fact. First, Defendant

provided the letter of Frank Stronach, Chairman of the Board of Magna International, Inc., Defendant's parent corporation. In this letter, which Plaintiff received while on FMLA leave, Stronach announced layoffs in divisions in the United States and Canada. Defendant has also presented the declaration of Charman Meador from human resources. Meador stated that in January 2009, Defendant felt it necessary to implement a significant reduction in force at the Bowling Green facility where Plaintiff was employed. She further stated that as a result of the reduction in force the facility went from employing one thousand and fifty individuals to employing only six hundred and fifty individuals.

Plaintiff argued in response to summary judgment that the proffered reason did not actually motivate the action because Plaintiff received no benefits while on leave and Plaintiff was terminated the day he returned from leave. The record is clear that Plaintiff received significant benefits while his was on leave. Plaintiff himself testified he received 60% of his salary as well as health insurance while he was on leave. Therefore, the only evidence that the proffered reason did not actually motivate the action is temporal proximity which the law of this circuit makes clear is insufficient to establish a stated reason is pretextual. *Skrjanc v. Great Lakes Power Service Co.*, 272 F.3d 309, 317 (6th Cir. 2001) (holding in a FMLA retaliation case that "temporal proximity is insufficient in and of itself to establish that the employer's nondiscriminatory reason for discharging an employee was in fact pretextual.")*; Ford v. General Motors Corp.*, 305 F.3d 545, 554-55 (6th Cir. 2002) (holding in a Title VII retaliation case that "temporal proximity alone will not support an inference [of causal connection] in the face of compelling evidence to the contrary." (internal quotation marks and citation omitted.)).

Plaintiff may also have been attempting to argue the proffered reason did not actually

motivate the action by arguing that Defendant had previously retaliated against Plaintiff when he refused to reveal information about union organizing activities. While this may be evidence of a violation of the National Labor Relations Act, it does not support an inference that Defendant terminated Plaintiff for taking FMLA leave.

As to insufficiency of the reason to motivate the action, Plaintiff, in response to Defendant's motion for summary judgment, did not challenge the business need for a reduction in force. Plaintiff can not now raise such an argument. However, in his motion to set aside, Plaintiff argues that the proffered reason is insufficient to motivate the action because President Obama had been elected and there was talk of governmental intervention to support domestic automotive manufacturers. First, this is a purely speculative assertion. Second, it is not the role of this Court to second guess the business decisions of Defendant. *See generally, Chappell v. GTE Products Corp.*, 803 F.2d 261, 266 (6th Cir. 1986) ("The factfinder may not, however, focus on the soundness of an employer's business judgment.").

The Court finds entry of summary judgment in favor of Defendant was appropriate. Plaintiff was unable to establish that Defendant's stated nondiscriminatory reason was pretext. Defendant's stated reason had a basis in fact and Plaintiff failed to provide sufficient evidence that it did not actually motivate his termination or that it was insufficient to motivate his termination.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to set aside is **DENIED**.